*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-032

JUNE TERM, 2015

| | |
|---|---|
| Adam Hubacz | } APPEALED FROM: |
| | } |
| | } Superior Court, Washington Unit, |
| v. | } Civil Division |
| | } |
| | } |
| The Village of Waterbury, Vermont and | } DOCKET NO. 305-5-14 Wncv |
| William Shepeluk | } |

Trial Judge: Mary Miles Teachout

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals from the trial court's dismissal of his complaint as prematurely filed.[*] We affirm.

This matter has a lengthy and complicated procedural history. We begin with the facts as recited by the federal court in Hubacz v. Village of Waterbury, No. 2:12-cv-39, 2014 WL 1493981 (D. Vt. Apr. 15, 2014) (Hubacz I), and Hubacz v. Village of Waterbury, No. 2:14-cv-134, 2014 WL 4060314 (D. Vt. Aug. 14, 2014) (Hubacz II). Plaintiff was employed as a police officer for the Waterbury Police Department beginning in 2009. In January 2012, he was placed on administrative leave and, after notice and a hearing, he was terminated pursuant to 24 V.S.A. § 1932. The stated basis for the termination was a decision by the Washington County State's Attorney to cease prosecuting plaintiff's cases.

In February 2012, plaintiff filed suit in federal court, raising a federal due process claim and a claim for reversal of the termination decision. The latter claim was construed as an appeal under Vermont Rule of Civil Procedure 75. The Rule 75 claim alleged that the Village of Waterbury Trustees failed to comply with procedural and substantive requirements set forth in 24 V.S.A. § 1932. Plaintiff argued, substantively, that the Village Trustees failed to provide evidence of negligence, dereliction of duty, or conduct unbecoming an officer as required by law. In April 2014, the federal court rejected plaintiff's procedural due process claim but granted plaintiff's motion for summary judgment on his Rule 75 appeal. The court found that the Village Trustee's factual findings did not support their ruling under § 1932, and therefore remanded to the Trustees for further proceedings. The court also invited the Village Trustees to reconsider whether recourse for firing a police officer was limited to § 1932 or if it might also be based on 24 V.S.A. § 1931. The court explicitly offered "no opinion with respect to [plaintiff's] legal entitlement to back pay, damages, or attorney's fees." Hubacz I, 2014 WL 1493981, at *9

---

[*] We note that a final judgment order issued in this case in April 2015, following the court's ruling on a motion for sanctions under Vermont Rule of Civil Procedure 11. Appellee's motion to dismiss this appeal as an improper interlocutory appeal is therefore denied.

n.4. The federal court entered a final judgment, and the parties did not appeal from this decision. As the federal court later explained, its ruling

> clearly contemplated additional proceedings before the Village Trustees consistent with the Court's findings and conclusions of law. The Court did not intend for its ruling to be used as a basis for [plaintiff] to claim a right to immediate reinstatement as an active duty police officer, or to otherwise alter the status quo that existed prior to the Village Trustees' initial ruling.

Hubacz II, 2014 WL 4060314 at *1.

In May 2014, plaintiff filed a complaint in the Washington Unit of the Vermont Superior Court. Plaintiff alleged that he was entitled to unpaid wages and the value of other benefits dating back to the date of his termination. The complaint also asked the state court to order his reinstatement as a police officer in the Waterbury Police Department; and that any further disciplinary proceedings be brought pursuant to 24 V.S.A. § 1932. Plaintiff subsequently amended his complaint, adding a claim of illegal retaliation and requesting additional mandamus, declaratory, and/or injunctive relief. The first amended complaint responded in part to the revised Notice of Charges issued by the Village Manager on May 23, 2014. That Notice concluded that "there is just cause under 24 V.S.A. § 1931 to recommend that the Village Trustees terminate [plaintiff's] employment." Id. at *2. As in his original complaint, plaintiff argued that under Vermont law, the Village could not proceed under § 1931. The Village Manager later issued a revised Notice of Charges, dated June 20, 2014, explaining that in addition to recommending termination under § 1931, he would also recommend removal for specific acts of misconduct under § 1932. Plaintiff disputed whether such alleged misconduct could be raised or admitted at a hearing before the Village Trustees.

In June 2014, defendants removed this case to federal court. The federal court determined that it lacked subject matter jurisdiction over the complaint, and in August 2014, it remanded the case to the superior court. Id. at *5.

In January 2015, the superior court ruled on various motions filed in this case, including defendants' motion to dismiss plaintiff's complaint and plaintiff's motion to amend his complaint for a second time. The court briefly recounted the procedural history set forth above, and explained that the Trustees had scheduled a hearing as directed by the court in Hubacz I. The hearing was scheduled for January 28, 2015, and plaintiff had filed various motions related to the hearing. The court reiterated that, in his complaint, plaintiff sought judgment against the Trustees for wages from January 27, 2012 forward, damages for benefits for the same period, damages and other relief for illegal retaliation, a declaration and order of reinstatement, and an injunction against proceeding with alleged illegal termination proceeding. In plaintiff's proposed second amended complaint, plaintiff sought to add two new counts requesting orders prohibiting the Trustees from using certain materials in the upcoming disciplinary hearing.

The court recognized that motions to dismiss pursuant to Vermont Rule of Civil Procedure 12(b)(6) are not favored and should only be granted if it is beyond doubt that there are no facts or circumstances that would entitle a plaintiff to relief. In re Girouard, 2014 VT 75, ¶ 13. The court found this standard satisfied here. It explained that the federal court specifically remanded the case to the Trustees for further proceedings following plaintiff's Rule 75

2

complaint, specifying the deficiencies in the first termination proceeding. That court had not affirmed, reversed, or modified the Trustees' decision, but rather, had remanded "for further proceedings." The federal court specified that "[a]ny questions with respect to compensation may be presented to the Village Trustees for their consideration," Hubacz I, 2014 WL 1493981, at *9 n.4, and it offered no opinion on plaintiff's legal entitlement to back pay, damages, or attorney's fees. That ruling was not appealed.

The record suggested that the parties disagreed about the effect of the ruling on whether plaintiff's status since January 2012 (the date of the first termination hearing) was as a terminated employee or a nonterminated employee. The court found that this was the exact subject matter of the proceeding that had been remanded to the Trustees for further proceedings. In its August 14, 2014 order remanding the case to the superior court, moreover, the federal court specified that it had not intended its ruling on plaintiff's Rule 75 complaint to be used as a basis for plaintiff to claim a right to immediate reinstatement as an active duty police officer.

Given this, the court concluded that it would be premature for it to address either plaintiff's termination status or any other issue that depended on termination before the remand was complete. Plaintiff had not exhausted remedies through the pending administrative proceedings, and therefore, the court concluded that his case must be dismissed. Given its conclusion, the court dismissed the other pending motions as well. This appeal followed.

Plaintiff maintains that dismissal was inappropriate because facts and circumstances exist that would entitle him to relief. He suggests that the court failed to consider his proposed second amended complaint in reaching its decision. Plaintiff also asserts that the court erred by ignoring portions of the federal court's August 2014 decision that remanded the instant case to the superior court. He asserts that in this order, the federal court clarified that its prior comments regarding 24 V.S.A. § 1931 were dicta, and also held that he could pursue a challenge in state court to the June 20 Notice of Charges. Additionally, because the federal court's first remand order to the Village Trustees was issued in April 2014, plaintiff contends that, as a matter of law, the June charges against him could not be encompassed within the first decision remanding to the Trustees for additional proceedings.

We find these arguments without merit. As the trial court has stated, "[i]n determining whether a complaint survives dismissal for failure to state a claim, courts must take the factual allegations in the complaint as true, and consider whether it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." In re Girouard, 2014 VT 75, ¶ 13 (quotation omitted). The trial court did consider the proposed second amended complaint, noting in its decision that plaintiff sought to add two new counts.

We agree with the trial court that it would be premature to address either plaintiff's termination status or any other issue that depended on termination before the remand to the Village Trustees was complete. We reject plaintiff's construction of the federal court's first order. The federal court did not state that the language concerning § 1931 was dicta. In its initial ruling, it specifically remanded the case "to the Trustees for reconsideration of whether, in fact, recourse for the termination of a police officer is limited to Section 1932." Hubacz I, 2014 WL 1493981, at *8. The court later noted that no party had appealed its "suggestion . . . that the Village consider the potential application of § 1931." Hubacz II, 2014 WL 4060314 at *4. The use of the word "suggestion" does not in any way obviate the court's clear remand of this question to the Trustees. Plaintiff also argues that the federal court held that the state court could

3

address the issues in his complaint. He cites the court's statement that "to the extent further interpretation of state law is required on matters this Court left unresolved, the state courts offer the most appropriate forum." Id. at *5. Plaintiff interprets this to mean that he may proceed on his complaint in state court and bypass the town administrative process. Plaintiff misreads the federal court's order. The federal court merely observed that it had not decided the question of whether plaintiff could challenge the application of § 1931 going forward, or the legality of raising specific acts of misconduct in a future disciplinary hearing. The fact these questions may be addressed at some point in the state court, as opposed to the federal court, does not mean that plaintiff need not complete the town hearing process.

We similarly reject plaintiff's argument that the June 20 notice of charges could not be encompassed within the remand order. All of these charges concern plaintiff's employment status and it would make no sense to separate these charges from other charges being considered by the Trustees. It is the Village Trustees who must decide in the first instance if plaintiff should be terminated and on what grounds. Nothing in the proposed second amended complaint changes this result. As the trial court found, all of plaintiff's claims, including his claims for wages, benefits, and illegal retaliation; his allegations concerning what evidence may or not be admissible at the hearing before the Trustees; the grounds on which he may be terminated; and his claim for reinstatement, are premature. They must await a final determination at the administrative level.

We have explained that "[c]laims are ripe when there is a sufficiently concrete case or controversy, as opposed to one that is abstract or hypothetical. Courts should not render decisions absent a genuine need to resolve a real dispute, and should not render decisions on claims that are purely speculative involving events that are contingent upon circumstances that may or may not occur in the future." Skaskiw v. Vermont Agency of Agriculture, 2014 VT 133, ¶ 31 (alterations omitted) (citations omitted). We cannot predict what will happen in the proceedings before the Village Trustees. Their decision is a critical component in the resolution of plaintiff's claims and plaintiff must complete the administrative process before his claims in this suit can be addressed.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

4